UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARTY ROBERTS

VERSUS

FLORIDA GAS TRANSMISSION
COMPANY, LLC

CIVIL ACTION

NO. 09-361-JJB

**RULING ON MOTION FOR ATTORNEYS' FEES AND COSTS AND TO STRIKE ALLEGATIONS FROM THE RECORD**

This matter is before the Court on Defendant's motion (doc. 26) for attorneys' fees and costs and to strike allegations from the record. Plaintiff filed an opposition. (Doc. 31). This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There is no need for oral argument. For the following reasons, the Court DENIES Defendant's motion as to attorneys' fees and costs and GRANTS the motion to strike.

Background

Plaintiff Marty Roberts worked as a technician for Defendant Florida Gas Transmission Company, LLC, ("FGT") until FGT terminated Roberts on August 18, 2008. Roberts then filed suit against FGT, claiming violations of the federal Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (2006) ("FMLA"), the Louisiana Environmental Whistleblower Statute, LA. REV. STAT. ANN. § 30:2027, and the Louisiana Private Whistleblower Statute, LA. REV. STAT. ANN. § 23:967. Roberts claims he was fired for threatening to report various alleged state law

1

violations; FGT counters that Roberts was fired for various company policy violations. Fact discovery concluded on April 30, 2010.

On March 23, 2010, this Court allowed Roberts to voluntarily dismiss with prejudice his Private Whistleblower claim, which was based on an allegation that FGT violated the Louisiana Hazardous Waste Control Law. LA. REV. STAT. ANN. §§ 30:2171-2206. FGT then filed a motion for attorneys' fees and costs and to strike paragraphs three, four, and five from Roberts' first amended complaint. The paragraphs in question allege that FGT caused explosions along its pipeline by using experimental equipment on its natural gas compressors, instructed technicians to sign Department of Transportation ("DOT") documents containing incorrect calculations, and that the experimental equipment combined with the incorrect calculations created a danger of explosion in the Zachary area.[1]

## Analysis

The Court may grant a voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure "on terms the court considers proper," and the Fifth Circuit has held that courts have discretion to award attorneys' fees and costs when awarding such fees and costs would avoid "unfair prejudice to the defendant." *Balistreri v. Metro. Life Ins. Co.*, 272 F. App'x 345, 346 (5th Cir. 2008). FGT relies on multiple cases in which courts granted voluntary motions *without* prejudice on the condition the plaintiff pay reasonable fees and costs. *See id.* at 346; *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 602 (5th Cir. 1976). In

---

[1] Compl. ¶3-5. (Doc. 8)

those cases, however, plaintiffs were not circumscribed from bringing the same claim later, provided they pay attorneys' fees and costs. *See Balistreri*, 272 F. App'x at 346-47. Roberts, conversely, sought and received permission to voluntarily dismiss his Private Whistleblower claim *with* prejudice, thereby foreclosing any possibility of re-litigating the claim. Thus, FGT is not subjected to unfair prejudice in the form of spending more time and money to defend against the same claim at an unknown future date. In *Mortgage Guaranty Insurance Corp. v. Richard Carlyon Co.*, which FGT relies upon for the proposition that "[m]ost often" courts assess attorneys' fees and costs under a voluntary dismissal, the court offered plaintiff a choice between dismissing with prejudice or dismissing without prejudice and paying fees and costs. 904 F.2d 298, 300 (5th Cir. 1990). This further enforces the notion that courts view an order to pay attorneys' fees and costs not as an award following any voluntary dismissal but rather as a discretionary tool to combat the inherent unfairness of spending time and money to twice prepare a defense against the same claim. *See Balistreri*, 272 F. App'x at 346; *Mortgage Guar. Ins. Corp.*, 904 F.2d at 298.

FGT argues that the Court should award attorneys' fees because Roberts failed to conduct a reasonable inquiry into the question of whether FGT violated state law before filing his complaint. In all of the cases cited by FGT, however, attorneys' fees were awarded as part of Rule 11 sanctions. *See Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548-49 (5th Cir. 2001); *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1023-24 (5th Cir. 1994); *Dillon v.*

*Diamond Offshore Mgmt. Co.*, No. 02-160, 2002 WL 31415706, at *1, *3-*5 (E.D. La. Oct. 25, 2002). In *Childs*, for example, the sanctioned attorney continued to trial despite seeing overwhelming evidence that the accident upon which the claim was founded had been staged as part of a scheme to commit insurance fraud. *Childs*, 29 F.3d 1021-23. Here, nothing in the record indicates such egregious, willful blindness, and no sanctions have been imposed.

FGT is correct in that it is well-settled law that a plaintiff must allege a violation of state law. *See Hale v. Touro Infirmary*, 2004-0003 (La. App. 4 Cir. 11/3/04); 886 So. 2d 1210, 1215, *writ den.*, 896 So. 2d 1036 (2005). In the instant case, however, the Court is satisfied Roberts alleged a violation of the Louisiana Hazardous Waste Control Law and conducted a reasonable investigation into the veracity of that claim. Roberts' claims that FGT was using experimental equipment that led to explosions on natural gas compressors and providing inaccurate data on state DOT reports was "sufficient to draw a reasonable inference some wrongdoing was afoot." *Smith v. Our Lady of the Lake Hosp.*, 960 F.2d 439, 444-46 (5th Cir. 1992)(identifying several factors to consider when assessing whether a reasonable factual inquiry occurred, including the feasibility of a prefiling investigation, the complexity of the factual and legal issues, and the extent to which development of the factual circumstances underlying the claim requires discovery)(quoting *Lebovitz v. Miller*, 856 F.2d 902, 906 (7th Cir. 1988)). Additionally, the expenses incurred by FGT, such as travel to Louisiana and investigation into the processes and protocols of

the Zachary facility, likely would have been necessary if Roberts had from the outset brought only his Environmental Whistleblower and FMLA claims.

FGT is also correct that under § 23:967(D), an employer *may* be entitled to attorneys' fees and costs if a suit is brought in bad faith or if the court determines the employer's act or practice was not in violation of state law. *Hale*, 886 So. 2d at 1215. Several state appellate courts addressing the issue have found that these prongs are independent, and that courts may assess fees and costs even if a court determines a good-faith suit fails to allege a violation of state law. *Accardo v. La. Health Servs. & Indem. Co.*, 2005-2377 (La. App. 1 Cir. 6/12/06); 943 So. 2d 381, 385-86 (discussing statutory history); *Hale*, 866 So. 2d at 1215. First, this Court notes the discretionary nature of the statute, which states that an employer *may* be entitled to attorneys' fees and costs. §23:967(D). The use of "may" rather than "shall" indicates a clear recognition by the legislature that attorneys' fees and costs may not be appropriate in all cases which fail to meet the "unwieldy" burden of the Private Whistleblower statute. *Hale*, 886 So. 2d at 1215. Furthermore, this Court is not convinced §23:967(D) applies in the instant motion. As stated above, the first prong is not applicable because there are reasonable grounds to find Roberts brought the claim in good faith. The second prong addresses instances in which the court finds no violation of state law; in this matter, there has been no such finding. Roberts withdrew the claim, with prejudice, before this Court passed any judgment on the veracity of the claim or the possibility any state law was in fact violated. Thus, because of the

5

discretionary nature of §23:967(D), along with the specific facts of this case as outlined above, the Court declines to award FGT attorneys' fees and costs.

As to FGT's motion to strike paragraphs three, four, and five from the record, this Court finds FGT's arguments persuasive.[2] These paragraphs address the safety claims and alleged possible violation of state law required for a Private Whistleblower claim under §23:967.[3] As those paragraphs related solely to a claim that has been voluntarily dismissed with prejudice, this Court finds them immaterial and strikes them from the record. *See* Fed. R. Civ. Pro. 12(f).

## Conclusion

Because of the discretionary nature of an award of attorneys' fees and costs, and the specific facts of this matter, FGT's motion for fees and costs (doc. 26) is hereby **DENIED**. Because the paragraphs in question are no longer material to Roberts' remaining claims, the motion to strike (doc. 26) is hereby **GRANTED**.

Signed in Baton Rouge, Louisiana, this 21st of June 2010.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[2] Roberts provided no counterarguments regarding the motion to strike
[3] Roberts Dep. 78-80 (Doc. 26)