UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARTY ROBERTS

VERSUS

FLORIDA GAS TRANSMISSION
COMPANY, LLC

CIVIL ACTION

NO. 09-361-JJB

## RULING

This matter is before the Court on a motion for summary judgment (doc. 50) filed by defendant Florida Gas Transmission Company, LLC ("FGT"). Plaintiff Marty Roberts has filed an opposition (doc. 61), and defendant has filed a reply (doc. 64). Thereafter, plaintiff filed an additional memorandum (doc. 68), and defendant filed a responsive memorandum (doc. 69). Oral argument is not necessary.

Plaintiff's lawsuit in this matter claims that FGT's termination of plaintiff violated the Family and Medical Leave Act (FMLA) and the Louisiana Environmental Whistleblower Statute, La. R.S. § 30:2027. Defendant's present motion for summary judgment seeks dismissal of both claims.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial rests on the non-movant, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-

1

movant's case. *See id.* The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy a non-movant's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once a non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; see also Fed. R. Civ. P. 56(c).

## FMLA

Defendant's motion seeks dismissal of plaintiff's FMLA claim for failure to establish a prima facie case and failure to show pretext. FMLA retaliation claims are generally analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Hunt v. Rapides Healthcare Sys., Inc.*, 277 F.3d 757, 768 (5th Cir. 2001). Under FMLA, the employee must first make a prima facie showing that (1) he engaged in a protected activity, (2) the

employer discharged him, and (3) there is a causal link between the protected activity and the discharge. *Id.*

Factors to be considered in determining a causal link are the employee's past disciplinary record, whether the employer followed its typical policies and procedures when taking adverse action against the employee, and the temporal relationship between the employee's conduct and the adverse action. *Nowlin v. RTC*, 33 F.3d 498, 507-08 (5th Cir. 1994).

The purpose of the prima facie showing is to create an "inference of discrimination." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255-56 (1981). The burden then shifts to the employer to provide a legitimate, non-discriminatory reason for the discharge. In turn, the employee must show that proffered reason to be a pretext. The rule in the Fifth Circuit is that a plaintiff who brings a retaliation claims must show that the adverse employment action would not have occurred "but for" the protected conduct. *Strong v. Univ. Health Sys., LLC*, 482 F.3d 802, 806 (5th Cir. 2007).

Plaintiff claims that the very close temporal proximity between his request for FMLA leave and his termination provides evidence of a causal link. Plaintiff also claims that FGT did not follow its own procedures in terminating plaintiff by failing to give plaintiff an opportunity to respond. Defendant counters that Mr. Stone, the employer who made the decision to terminate plaintiff, had no idea plaintiff had even requested FMLA leave; also, FGT's FMLA determinations are made by a third party and not handled by FGT. Defendant also contends that

3

plaintiff's requests for leave were conditionally approved promptly and that any delays were the result of plaintiff's doctors failing to timely submit the necessary documentation. Finally, defendant maintains that its actions did not violate company policy, citing FGT's discipline policy which provides that employees can be summarily terminated for providing false information to the company.

Assuming plaintiff made the requisite prima facie showing, the burden shifts to FGT to articulate non-retaliatory reasons for plaintiff's termination. Defendant puts forth multiple reasons for Roberts' termination: plaintiff was caught lying about the location of the company vehicle in his care; plaintiff violated company policy regarding personal use of the company vehicle; plaintiff was not in compliance with the company's living restriction policy and, after being given options to become compliant, plaintiff remained out of compliance and, according to defendant, lied about changing his residence.

The burden now shifts to plaintiff to show that these reasons were merely a pretext for retaliation. Plaintiff refutes some of defendant's proffered reasons for termination. For instance, plaintiff claims he does not remember lying about the location of the company vehicle because he was heavily medicated. However, plaintiff does not refute that the company vehicle was a far distance from where it was supposed to be, out of compliance with company policy, and that plaintiff had been warned not to drive the company vehicle for personal use. Plaintiff also contends that he eventually complied with the living restriction policy, which defendant refutes. Plaintiff claims that he did not lie about changing his

4

residence; rather he claims he was staying at his friend's hunting cabin until he could set up a more permanent residence within the company guidelines. Defendant contends defendant never relocated and offers as support that mail sent to plaintiff's new address was returned as undeliverable.

Considering the evidence in the light most favorable to plaintiff, plaintiff has not established that he would not have been terminated but for his FMLA request. Plaintiff has not adequately refuted defendant's proffered reasons for his termination and has certainly not shown that FGT's reasons for termination were a pretext for retaliation. Consequently, defendant is entitled to summary judgment on plaintiff's FMLA retaliation claim.

In its opposing memoranda, plaintiff attempts to assert, for the first time, a claim for FMLA interference, which defendant also seeks to have dismissed on summary judgment. Plaintiff's amended complaint does not assert a claim for interference, only for FMLA retaliation. The court finds that plaintiff has not properly asserted a claim for FMLA interference. Nonetheless, insofar as plaintiff is deemed to have asserted an interference claim, the court finds that summary judgment should be granted dismissing the claim. Plaintiff has not established that defendant interfered with plaintiff's FMLA leave or request. The evidence indicates that FMLA determinations are made by a third party which timely processed plaintiff's request. Plaintiff has not established that anyone improperly interfered with his request for FMLA leave. Defendant has established, and plaintiff has not refuted, that the only delays in approving plaintiff's FMLA leave

were caused by failure of plaintiff and/or plaintiff's physicians to submit the necessary documentation.

Environmental Whistleblower

Defendant contends that plaintiff's environmental whistleblower claim should be dismissed because plaintiff did not engage in a protected activity and has not established a prima facie case under the law. The Louisiana Environmental Whistleblower Statute, La. R.S. § 30:2027, prohibits retaliation against employees who report, disclose, or threaten to disclose environmental violations. *Stone v. Entergy Servs., Inc.*, 9 So.3d 193, 198 (La. App. 4th Cir. 2009). To establish a prima facie case of retaliation under the statute, a plaintiff must show: (1) that he engaged in activity protected by the statute; (2) that he suffered an adverse employment action; and (3) a causal connection existed between the protected activity and the adverse action. *Id.*

Based on the plain language of the environmental whistleblower statute, plaintiff must show that he disclosed or threatened to disclose "an activity, policy, [or] practice of the employer" "that the employee reasonably believes is in violation of an environmental law, rule, or regulation." La. R.S. § 30:2027. Based on the evidence presented, including plaintiff's own deposition testimony, while plaintiff may have disclosed or threatened to disclose some activity or practice of FGT, plaintiff did not reasonably believe the activities of which he complained violated any environmental law, rule or regulation. Whether or not plaintiff now has such a belief is not the issue. At the time plaintiff made his

complaints to FGT on April 3, 2008, plaintiff did not reasonably believe the activities or practices complained of were in violation of any environmental law, rule, or regulation. As such, plaintiff has failed to establish a prima facie case under the Louisiana Environmental Whistleblower Statute.

Additionally, the *McDonnell Douglas* framework applicable under the FMLA is equally applicable to plaintiff's whistleblower claim. *Stevenson v. Williamson*, 547 F. Supp. 2d 544, 551 (M.D.La. 2008), citing *King v. Phelps Dunbar, LLP*, 743 So.2d 181, 187 (La. 1999). Even if plaintiff had established a prima facie case of whistleblower retaliation, he has not adequately refuted the non-retaliatory reasons for termination raised by FGT. Plaintiff has failed to show the proffered non-retaliatory reasons for his termination were a pretext for retaliation. As a result, even if plaintiff had set forth a prima facie case, his whistleblower claim would nonetheless fall.

Accordingly, defendant FGT's motion (doc. 50) for summary judgment is HEREBY GRANTED and plaintiff's claims against FGT are hereby DISMISSED.

Signed in Baton Rouge, Louisiana, on March 24th, 2011.

JAMES J. BRADY
DISTRICT JUDGE